J-S17019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN PENA | : | |
| | : | |
| Appellant | : | No. 2177 EDA 2025 |

Appeal from the PCRA Order Entered July 15, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1207661-2003

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JULY 30, 2026**

Appellant, Jonathan Pena, appeals *pro se* from the July 15, 2025, order

of the Court of Common Pleas of Philadelphia County dismissing as untimely

his petition for collateral relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On August 8, 2005, following a bench trial, Appellant was found
guilty of first degree murder, carrying a firearm without a license,
carrying a firearm on a public street and possessing an instrument
of crime. Appellant was sentenced to life imprisonment for
murder, concurrent sentences of 2½ - 5 years imprisonment for
carrying a firearm without a license and possessing an instrument
of crime, and carrying a firearm on a public street. On June 14,
2010, the Pennsylvania Superior Court affirmed the judgment of
sentence (3030 EDA 2008), and Appellant's petition for allowance
of appeal to the Pennsylvania Supreme Court was denied on
December 7, 2010 (368 EAL 2010). Appellant's judgment of

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence became final [ninety days later, *i.e.*, on March 7, 2011], when the time for [seeking *certiorari* from] the United States Supreme Court expired.

On February 11, 2011, Appellant filed a timely petition for post-conviction relief claiming that he was entitled to relief based upon the ineffective assistance of trial counsel and newly discovered exculpatory evidence. PCRA counsel was appointed and filed an amended petition asserting various claims of trial counsel ineffectiveness. On December 6, 2013, following review, Appellant's PCRA petition was dismissed without a hearing. Dismissal was affirmed by the Superior Court on March 4, 2015 (3600 EDA 2013), and[,] on July 21, 2015, the Pennsylvania Supreme Court denied *allocat*[*u*]*r* (155 EAL 2015).

On May 16, 2018, Appellant filed a counseled second petition for post-conviction relief claiming newly discovered evidence of a witness, namely his uncle, who Appellant claimed was present in the bar at the time of the shooting and could have testified on Appellant's behalf. Appellant claimed that he did not become aware that his uncle was present until March 19, 2018. Following review of the petition, the Commonwealth's motion to dismiss and the relevant law, on January 11, 2019, Appellant's petition was dismissed without a hearing. Dismissal was affirmed by the Superior Court on April 28, 2020 (308 EDA 2019), and[,] on December 1, 2020, the Pennsylvania Supreme denied *allocat*[*u*]*r* (176 EAL 2020).

On March 28, 2022, Appellant filed a third PCRA petition claiming violation of the Constitution of the Commonwealth, or laws of the United States, in which the circumstances of the particular case, so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; that trial counsel was ineffective; and the unavailability at the trial of exculpatory evidence which had subsequently became available and would have changed the outcome of the trial. Following review of the petition, the Commonwealth's motion to dismiss, and the relevant legal authority, the [trial] court dismissed the petition without a hearing. Dismissal was affirmed by the Superior Court on August 23, 2023.

Appellant filed the instant PCRA [petition] on July 29, 2024[.] seeking relief based on "After Discovered Evidence" that could not have been obtained prior to the conclusion of the trial by exercise

- 2 -

of reasonable diligence, is not merely corroborative or cumulative, will not be used solely to impeach the credibility of a witness and would likely result in a new trial. [The PCRA court dismissed the petition without a hearing on July 15, 2025. This appeal followed.]

PCRA Court Opinion, 10/14/25, at 1-3 (footnotes omitted).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

Preliminarily, we must determine whether Appellant's PCRA petition is timely under the PCRA's statute of limitations. The timeliness of a PCRA petition is a threshold jurisdictional question. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014); **see also Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) ("no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012). A judgment of sentence becomes final

at the conclusion of direct review, or at the expiration of time for seeking such review. *Id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. 42 Pa.C.S.A. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

It is uncontested that Appellant's judgment of sentence became final on March 7, 2011, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had one year from that date, or until March 7, 2012, to file a timely PCRA petition. The underlying petition, which was filed on July 29, 2024, is,

therefore, facially untimely. Accordingly, the PCRA court lacked jurisdiction over his PCRA petition unless Appellant satisfies one of the three exceptions to the statute of limitations in Section 9545(b)(1).

The underlying petition is based on the discovery of a May 2024 report titled "Prosecutorial Misconduct in the Philadelphia District Attorney's Office," authored by New York University's Peter L. Zimroth Center on the Administration of Criminal Law ("NYU Report"). Appellant appears to contend that NYU Report satisfies the newly discovered evidence exception to the statute of limitations, Section 9545(b)(2).[1] To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." ***Id.*** (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020). Our Supreme Court has repeatedly stated that "the newly-discovered facts

---

[1] In the context of the newly-discovered facts exception, Appellant also discusses, and, at times, confuses it with the after-discovered evidence ground for PCRA relief.

exception to the time limitations of the PCRA, as set forth in [Section] 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017).

For purposes of this timeliness exception, "the majority of our Supreme Court believes that while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two." **Commonwealth v. Shannon**, 184 A.3d 1010, 1017 (Pa. Super. 2018) (citation omitted).

Here, even if we assume that the information contained in the NYU Report is indeed newly discovered, Appellant has shown no nexus between that information and his own case. This is fatal to his claim. **See Commonwealth v. Reeves**, 296 A.3d 1228, 1231–33 (Pa. Super. 2023). In **Reeves**, a PCRA petitioner, invoking the same timeliness exception Appellant raises in the instant case, argued that his petition was not untimely because he recently learned of an investigation into the Philadelphia District Attorney's Office that showed "a pattern . . . in old cases, where prosecutors [were not] attuned to their constitutional and ethical responsibilities as they are now." **Id.** at 1231. This Court rejected the petitioner's argument, reasoning that "[t]his general statement does not . . . constitute newly discovered facts because the petitioner "cite[d] no new information in his case;" instead, he

referenced misconduct in unrelated cases. *Id.* at 1231, 1232–33 (emphasis in original).

Similarly, here, Appellant does not even speculate as to the relevance of the content of the NYU Report to his case. *See* PCRA Petition, 7/29/24, at 3. Instead, he simply notes that "[t]his study is beneficial because it demonstrated the prosecution practices in ignoring corrupt officials." Accordingly, because Appellant did not demonstrate a connection between the alleged newly-discovered facts and the issues in this case, he has not satisfied the newly-discovered fact exception to the PCRA time bar.[2]

On this record, we conclude that the PCRA court properly dismissed Appellant's PCRA petition as untimely.[3]

Order affirmed.

_____

[2] In his brief before us, Appellant raises a plethora of additional issues, which were not raised in the underlying PCRA petition. Accordingly, these additional issues are all waived. *See* Pa.R.A.P. 302(a). Even if properly before us, Appellant failed to plead and prove that those additional issues were timely.

[3] In its Rule 1925(a) opinion, the PCRA court recognizes that the underlying PCRA petition is facially untimely and that Appellant has failed to satisfy the newly-discovered fact exception to the PCRA time bar. Yet, it asks us to remand the matter to the lower court because it appeared from the record that Appellant may not have received the Rule 907 notice of dismissal. We disagree. "[F]ailure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa. Super. 2016); *see also Commonwealth v. Pridgen*, 305 A.3d 97, 102 (Pa. Super. 2023).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/30/2026</u>